## J. J. NEWMAN LBR. CO. *v.* ROBBINS.

(In Banc. March 8, 1948.)

[34 So. (2d) 196. No. 36702.]

Heidelberg & Roberts, of Hattiesburg, for appellant.

306

**Ben Stevens** and **Bruce C. Aultman,** both of Hatties-
burg, for appellee.

Argued orally by **M. M. Roberts,** for appellant.

**Griffith, J.,** delivered the opinion of the court.

On January 27, 1940, the parties hereto entered into a
written contract by which appellee could and would pur-
chase from appellant the 40 acres of land here involved.
Appellee averred in his bill and so testified that the agree-
ment between the parties was that appellee, the purchaser,
should have seven-eighths of the oil and gas and other

minerals, the seller to retain a one-eighth interest; that the agent who prepared the written contract, by mistake or fraud, so prepared it as to retain in the seller the entire mineral interest; that appellee in reliance upon the good faith of the agent of appellant to prepare the contract as agreed upon, signed it without reading it and did not discover the alleged variance until he was completing the last payment. The bill prayed for reformation.

Appellant, by its answer and testimony, flatly denied the aforementioned averments, and defends in addition, among other defenses, that the bill is merely a disguised effort to alter a written instrument by parol.

When one party relies on the other to draw the instrument according to the terms of the agreement and the other party or his agent or the scrivener selected by him either through mistake or fraud fails to do so, the fact that the first party failed to read over the instrument before signing it is not such negligence as will prevent his getting relief by reformation. 45 Am. Jur., Ref. Insts., Sec. 81, p. 634, citing First National Bank v. Elam, 126 Okl. 93, 258 P. 892, where the subject is reviewed. See also notes Dolvin v. Am. Harrow Co , 28 L. R. A., N. S., at page 885.

But because the rule as stated approaches so nearly an intrusion upon the salutary rule that when parties have reduced their agreement to writing, the writing may not be varied by parol, it is required that the proof to sustain a bill to reform must be such as to establish the essential allegations beyond a reasonable doubt. We so held in our latest case, Frierson v. Sheppard, 201 Miss 603, 29 So. (2d) 726, wherein the decree was reversed because the proof did not measure up to the stated requirement.

This sends us to a close and critical examination of the record of the evidence. Two witnesses only were offered, the complainant in his own behalf, and for the defendant, the agent or scrivener who prepared the instrument. It is perfectly plain that the agent and

scrivener prepared the instrument exactly as he intended it should be and that it expressed what he intended therein to express. There is, therefore, no case of a mutual mistake, which leaves only the question whether the agent and scrivener perpetrated a fraud upon the complainant in drawing the instrument as it was drawn, and this may be stated in other words in the inquiry whether the agent and scrivener knew when he drew the instrument that it contained terms distinctly different from that previously agreed upon.

We do not assert that the affirmative of such an issue may not be proved by a single witness, although disputed by another or others, provided the character, quality and cogency of the testimony of the single witness is sufficient to carry conviction beyond a reasonable doubt; but this cannot be the case when the testimony of the single witness is in many important details of a doubtful or inconclusive character, while that in opposition is clear, definite, and positive throughout, and such is the case here. We think it would be difficult to say upon the record of the testimony that the testimony of the complainant amounts to a preponderance, much less than that which must establish his case beyond a reasonable doubt.

Were a bill to reform sustained on a record such as is here before us, there would be little or nothing left of the rule that written instruments may not be altered by parol.

Reversed and bill dismissed.